Eeazijbr, J.
The action below was brought under favor of section 3375a,of the Revised Statutes,as amended Apiri 13,1892,89 Ohio Laws,page 276. The statute reads as follows: “Physicians in the discharge of their professional duties,and sheriffs and deputy sheriffs in the performance of their official duties, shall be permitted tó ride at their own risk, and take a prisoner or prisoners upon freight trains, between stations where such trains stop, paying therefor the regular passenger fare.” This statute, as originally passed, applied to phyicians in the discharge of their professional duties. The amendment included sheriffs and deputy sheriffs in the performance of their official duties. The questions presented are largely as to the construction of ■the statute. The plaintiff, in his petition,avers that he was and still is the sheriff of Ashtabula county, and that he was, at the time, in the discharge of his official duties.
After describing the train by its number, he avers that it stopped regularly, as well as on said day, both at Jefferson and Ashtabula. This is the averment of the petition. I refer to this, because evidently counsel for the plaintiff, in the preparation of the petition, gave that construction to the statute. The language of the petition being, “that it stopped regularly as well as on said day, both at Jefferson and Ashtaubla,” let me again read that portion ■ of the statute “upon freight trains between station where such trains stop.’’
He avers that he had a ticket for which he paid the regular fare: that he was compelled by threats and menaces to leave the train. In the petition it is alleged that “said coach and train was fully equipped and in every way prepared to carry passengers, and could have carried plaintiff therein and thereon, and said train stopped regularly as *322 well as on said day,' both at Jefferson and- Ashtabula. That while said freight tram was so standing in front of said depot, and was about to leave for Ashtabula, as aforesaid, plaintiff, as such sheriff, desiring to go to Oonneaut, upon his official duties over the road and route aforesaid, the same being the best and only practical route, boarded said train and took a seat in said coach as a passenger, and thereupon offered and tendered the conductor in charge of the train a ticket theretofore issued to him by defendant, at its regular ticket office at Jefferson, Ohio, and which was a good and regular first class ticket, and entitled the plaintiff, as such sheriff, to ride in said coach, and on said train from Jefferson to Ashtabula, or upon any other train on said road,, between said places. That plaintiff offered to pay .the conductor the regular fare.
Then he further avers, by way of breach: “And plaintiff further says that .notwithstanding the premises, and while said plaintiff was so seated in said coach, and after said train had started out and was in motion, one French, who is the ticket agent of defendants at said Jefferson, with one of the clerks or servants employed by - defendants in and about said station, and one James McHale, the conductor .of said train, came into said coach or caboose where plaintiff was so seated for the purpose aforesaid, and thereupon commanded him (said plaintiff) to leave said train, and said conductor, and said French, and his clerk, then and there in a menacing manner threatened to forcibly eject him (said plaintiff) from said- train, and did then and there abuse and ill-treat him, and then and there compelled him to leave said train, therein and thereby inflicting upon the plaintiff great personal insult and injury, and greatly delaying him in the transaction of his business.
■ To this petition the defendant answered, admitting that it was, at the date mentioned in the petition and still is, a corporation; admits that the plaintiff was, and is, the *323 sheriff of Ashtabula county, Ohio; admits that at the daté mentioned, the plaintiff having before that time purchased a ticket from Jefferson to Ashtabula, took his seat in the caboose attached to the second section of defendant’s freight train, No. 17. “That as to whether said plaintiff had in his possession the writs mentioned in the petition, defendant has no knowledge, except as derived from said petition and it therefore denies the same, and demands proof thereof, and said defendant denies each and every other allegation contained in said petition, not therein expressly admitted or denied.
Before any evidence was offered, the defendant, the railway company, objected to the introduction of any evidence, giving as a reason therefor, that the act of the legislature was unconstitutional. I do not know that counsel now insist upon the objection; but it is sufficient to say we think, under the rules established by our courts, as to the right to legislate and exercise control over railroads, the act is constitutional.
We are, however, asked to interpret this statute in another regard. It is insisted by the plaintiff in error that the statute should be construed to read or mean that the sheriff can only ride when he is in the discharge of his official duty, and has a prisoner in his charge. That is, that he is not authorized to ride upon the freight train at other times than when he is in the discharge of his official duties, and has the custody of, and takes with him a prisoner. I have somewhat amplified the claim made, in order to enforce our view of the case. We hold that the statute permits him to ride when he is in the discharge of his official duties; whether Le has a prisoner in his charge or not.
• When we look at the reason, both as to the physicians and as to the ministerial officer of the court, their professional and ministerial or official duties may require dispatch *324 in business, and there are frequently freight trains, scheduled to run upon railroads, and it will facilitate the physician in his professional duties, or the sheriff in the discharge of his official duties, to take those trains, and they may count upon them, if these trains stop habitually, or, in the language of the petition, “upon other days as well as that day.” We hold, in short, that the statute applies to trains stopping regulalry, or on other days as well as this day, between the points where the sheriff or physician is asking or demanding passage, and does not apply to trains that stop by accident or by special order for passing other trains, or otherwise, at a station at which they are not accustomed to stop.
This brings us to the charge of the court. The court says:
. “The act of the legislature, which we have copied into these instructions, permits a sheriff, while engaged in the discharge of his official duties, to ride upon freight trains between stations where such freight trains stop. We hold and instruct you that if section two of said freight train No. 17 had stopped at Jefferson, and was standing upon the track before the plaintiff entered the caboose, that in that event, while the plaintiff’s claim in this case may not fall within the exact letter of the statute, yet we hold that it comes within the spirit of the statute; although you should find that Jefferson was not a regular stopping place for that .train. ’’
Statutes in derogation of the common law, or natural rights, are to be construed strictly, and not to be extended by implication.
This is a statute in derogation of the rights of the company, independent of the statute, or at common law, to designate what trains shall be devoted to the carriage of passengers, and what to the exclusive carriage of freight. While counsel for the plaintiff below put in his petition what he regarded as necessary for a recovery, we think the *325 court below erred in the construction of the statute, not only in this, but in that portion of the succeeding paragraph to which exception is taken. Probably the whole of this is not excepted to, but the exception is in reference to part of it, and we can not get the sense unless we read its connection:
“On the other hand in this case, we instruct you, that if you find that it has been proven, that said freight train, section two of No 17, had stopped at Jefferson station and was then standing there, upon the track, and you find that it has been proven that the plaintiff entered said caboose car while it was standing upon said track, and that he was then engaged in the performance of his official duties, which required him to pass over the defendant’s line of road, from Jefferson to Ashtabula, on his way 'to Conneaut, for the service of a summons or other papers, which he then had with him for that purpose: that he then made known to the conductor that he was such sheriff, and was then engaged in the discharge of his official duties, which required him to pass over said road from Jefferson to Ashtabula — then we say to you that he had the right, as such sheriff, in the discharge of the duties of his office, to enter said car, upon the payment of the regular fare from Jefferson to Ashtabula, and to require the defendant to carry him from Jefferson to Ashtabula, upon said train, and if you find that it has been so proven that he thus informed the conductor, and the conductor, after he had been so informed by the plaintiff, refused to carry him to Ashtabula and allow him to ride upon said train, but then and there ordered the plaintiff to leave said car, and the plaintiff, in pursuance of said order of the conductor, did leave said car to avoid being forcibly expelled therefrom, then we say to you, you would be authorized to return a verdict in favor of the plaintiff.”
The fourth exception is, “to the construction given to the act of the legislature by the court.” Fifth, To the instructions given that the plaintiff would be entitled to ride upon the train if Jefferson was not a regular stopping place of the train.
Theodore Hall, for Plaintiff in Error.
T. H. Hoyt and Charles Laioyer, Jr., for Defendant in Error.
Sixth. To the instructions beginning with the words, “He had a right to enter said car,-’ and so forth, to the entire proposition. These exceptions cover substantially all that portion of the charge I have read, and because of this construction of the act by the court of common pleas, we hold there is error in that portion of the charge.
Coming to the exception that the damages are excessive. It is charged in this case that he was insulted and put off in an insolent manner. Without referring to the evidence for the reasons stated in the case of The Lake Shore and Michigan Southern Railway Company v. Charles Teed, just announced by me, this exception is overruled.
There was, at the time, in forcea rule of the company, forbidding the carrying of passengers upon freight trains without a special permit from the proper officers of the company superior to the conductor and ticket agent, and in refusing to carry the sheriff on this train, they were enforcing such rule; and the ticket agent applied for, and received an order permitting the defendant in error to ride to Ashtabula upon a freight train of the company, passing over the company’s road a short time thereafter, and upon which he did during the same afternoon ride from Jefferson to Ashtabula.
For the reason that we are of opinion that the court of common pleas erred in the construction of the statute, for this reason, and for this alone, we reverse the judgment and remand the case to the common pleas court for further proceedings. The record will show we find no other errors.